UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────

IN RE: TONYA POWELL,
  also known as TONYA DAKARI,

                                                    1:12-MC-0083
                                                    (GLS)

                        Respondent.

───────────────────────────────

**ORDER**

On January 18, 2013, respondent Tonya Powell, also known as Tonya Dakari, was permanently enjoined from filing as a pro se litigant "any document or pleading of any kind" in this District without permission from the Chief Judge.  Dkt. No. 3 (Anti-Filing Injunction Order ("AFIO")).

Presently before this Court is respondent's "Application Pursuant to Court Order Seeking Leave to File."  Dkt. No. 7 ("Application").  As required by the AFIO, *see* AFIO at 2-3, respondent submitted an Affidavit and Proposed Complaint together with her Application.  Dkt. Nos. 7-1 ("Aff."), 7-4 ("Prop. Compl.").

Upon review, the Court finds that respondent's Application does not comply with the terms of the AFIO.  Specifically, the AFIO required that any Application for leave to file a pro se action must include

> a list of all lawsuits in the United States District Court for the Northern District of New York, Court of Appeals for the Second Circuit, and state courts in which [respondent] was or is a party; the name, case number and citation, if applicable, of each case; a statement indicating the nature of [respondent's] involvement in each lawsuit and its current status or disposition[.]

AFIO at 3.  Respondent did not provide the list of actions in which she was a party; the name and case number of each case; or a statement indicating the nature of her involvement in each case.  *See* App. at 1.

In addition, the AFIO required that any Application for leave must include

a list all federal and state court cases in which a judgment was rendered against [respondent], if any; the name, case number and citation, if applicable; the amount of the judgment rendered against her; [and] the amount, if any, of the judgment that remains outstanding and the reasons therefor[.]

AFIO at 3.  In her Application, respondent states that "[t]here is no judgment that has been . . . entered against [her]."  App. at 1.  Contrary to respondent's assertion, a search of the public records demonstrates that respondent had at least one Judgment entered against her.  *See USA v. Powell*, No. 3:92-CV-1091, Order and Judgement (N.D.N.Y. May 27, 1994) (granting Judgment against respondent in the sum of $103,239.64).  The Court takes this omission seriously, especially in light of respondent's litigation history, and finds that this omission alone is sufficient to deny her leave to file.

Plaintiff's Application does not comply with the requirements set forth in the AFIO.

**WHEREFORE**, it is hereby

**ORDERED** that respondent's Application seeking leave to commence a new civil action in this District (Dkt. No. 7) is **DENIED** as non-compliant with the AFIO; and it is further

**ORDERED** that the Clerk shall file copies of respondent's Application (Dkt. No. 7), Affidavit (Dkt. No. 7-1), In Forma Pauperis Application (Dkt. No. 7-2); Civil Cover Sheet (Dkt. No. 7-3), and Proposed Complaint (Dkt. No. 7-4) on the docket of a civil action encaptioned "*Tonya Powell, also known as Tonya Dakari v. M & T Bank*" with the filing date of October 9, 2014; and it is further

**ORDERED** that in accordance with this Order, a copy of which shall also be filed in "*Tonya Powell, also known as Tonya Dakari v. M & T Bank*," the Clerk shall close that case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on respondent by regular mail, and shall also send her  a copy of the docket sheet for "*Tonya Powell, also known as Tonya Dakari v. M & T Bank*" referencing the filings and indicating that the case is closed.

**IT IS SO ORDERED.**

Dated: March 3, 2015
      Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court